Reed v. Marple.

---

JOSEPH REED v. J. H. MARPLE AND J. B. BILLARD.

No. 288.

CHANGE OF VENUE—*Competency of Justice.* Under section 43, chapter 103, General Statutes of 1897, a justice of the peace before whom an application for a change of venue is pending has the authority to summarily determine the legal competency of the other justices of the peace of the same township to try said cause, so as to give jurisdiction to a justice of an adjoining township, to whom he transfers the case, to proceed and try the issues therein.

Error from Shawnee circuit court; J. B. JOHNSON, judge. Opinion filed July 8, 1898. Affirmed.

J. B. BILLARD, one of the defendants in error, sued Joseph Reed, the plaintiff in error, in the justice's court of F. M. Grover, a justice of the peace of the city of Topeka. Upon an application of Reed for a change

of venue, Justice Grover transferred the case to the defendant in error, J. H. Marple, a justice of the peace of an adjoining township in Shawnee county, and the cause was docketed by Marple for trial. A motion by Reed was filed, asking Justice Marple to dismiss the cause for the reason that he had no jurisdiction to hear the same, as there were two other justices besides said Grover in Topeka who were legally competent to try said cause. This motion was overruled, whereupon this action was brought in the circuit court of said county to prohibit Justice Marple and said plaintiff, Billard, from proceeding with the trial of the cause. Upon a trial, the circuit court found for the defendants, Marple and Billard, and judgment was rendered in their favor and against Reed. To reverse this, the case is brought to this court.

*E. E. Chesney*, and *E. G. Wilson*, for plaintiff in error.

*C. A. Starbird*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The primary contention of the plaintiff in error is, that a justice of the peace before whom an application for a change of venue is pending cannot try and determine the legal competency of another justice of the same township to try said cause. In this we think the plaintiff in error is mistaken. Section 43 of the justices' code (Gen. Stat. 1897, ch. 103), under which this venue was changed, reads as follows :

" If the place of the trial be changed on account of the bias or prejudice of the justice, or of his being a material witnesss in the cause, such cause shall be transferred for trial before some other justice of the

peace of the same township, if there be one there legally competent to try such cause. If there be no such justice within such township, or if such change be granted on account of the bias or prejudice of the citizens of such township against such party, the case shall be taken to some justice in an adjoining township of the same county."

This clearly presupposes the authority of the justice to determine "if there be one there legally competent to try such cause"; and if he has such authority, the erroneous exercise of it does not prevent the justice to whom the case is sent from acquiring jurisdiction thereof. Any other conclusion would defeat the object of the law. As an illustration, there are three justices in a township; an action is brought before No. 1; the defendant takes a change of venue to No. 2; the plaintiff then, under the authority of *Herbert v. Beathard*, 26 Kan. 746, applies for another change; justice No. 3 is the husband of the plaintiff, as is well known to all the parties, but justice No. 2 has no authority to try and determine the legal competency of No. 3 to try the case, and so, of course, must send it to him; then, assuming that the defendant has a right to a second change of venue, and makes application therefor, must not No. 3, under the application of the same rule, send it back to No. 1?

As was held in *Barnhart & Brother v. Davis*, 30 Kan. 524 (2 Pac. Rep. 634) : "The justice may, in some cases, exercise judicial discretion by determining the question as to what justice he will send the case." An erroneous exercise of that discretion, or an erroneous exercise of judgment as to the disqualification of other justices, will not defeat the jurisdiction of the one to whom it is sent.

We do not find anything in the other contentions of the plaintiff in error that can in any manner affect the

University Co. v. Long.

jurisdiction of Marple to try the cause, or that requires any special consideration.

The judgment of the court below will be affirmed; and the said J. H. Marple, justice of the peace, or his successor in office, is directed, within sixty days after the entering of the mandate herein in the court below, to set a day and date for the hearing of said cause at his office, giving each party five days' notice in writing thereof; and thereafter said case shall be proceeded with, so far as practicable, the same as if this action had not been brought.