## L. S. HERBERT v. THOMAS BEATHARD.

1. VENUE, *Change of.* Where an action is commenced before a justice of the peace, and the defendant obtains a change of venue to another justice of the peace, such change of venue will not prevent the plaintiff from obtaining still another change of venue, if he has sufficient grounds therefor.

2. CONTINUANCE; *Subsequent Change of Venue.* Where a case is pending before a justice of the peace, and on the day set for trial the cause is continued to a future day, such continuance will not prevent a party from obtaining a change of venue in the meantime, and prior to the day to which the cause has been continued.

3. CHANGE OF VENUE, *Must be Granted, When.* The granting of a change of venue by a justice of the peace is not a matter of pure judicial discretion, but is in fact purely a ministerial act. The justice may, in some cases, exercise some judicial discretion in determining the question as to what justice he will send the case; but he cannot exercise any judicial discretion in determining whether he will grant the change of venue, or not. If the application, when the justice is finally called upon to act upon it, is sufficient, he must grant the change of venue; but if not, he must refuse it.

4. CHANGE OF VENUE, *Conditions of; Duty of the Justice.* The plaintiff, in order to obtain a change of venue, must pay, or offer to confess judgment for, the full amount of costs that have accrued in the case, and that shall accrue in the case until the transcript and papers shall be delivered to the justice to whom the case shall be removed for trial. But where a plaintiff has made an application for a change of venue, a failure on the part of the plaintiff to pay, or offer to confess judgment for all such costs, will not excuse the justice for refusing to attach his jurat and signature to the affidavit made by the plaintiff to obtain such change of venue, and to which affidavit the plaintiff has been sworn before such justice; nor will it excuse the justice for refusing to file such affidavit, or to file the plaintiff's written offer to confess judgment for costs; nor will it excuse the justice for refusing to take any action upon the plaintiff's application for the change of venue.

*Error from Brown District Court.*

MANDAMUS, brought by *Beathard* against *Herbert,* to compel the defendant as a justice of the peace to do certain acts mentioned in the opinion herein. Trial at the May Term, 1881, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*Lacock & May,* and *Webb & Martin,* for plaintiff in error.

*C. W. Johnson,* and *W. W. Guthrie,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of mandamus, brought by Thomas Beathard against L. S. Herbert, in the district court of Brown county, to compel the defendant, as justice of the peace, to perform certain acts, hereafter mentioned. The facts of the case are substantially as follows:

In October, 1880, the defendant in error, Thomas Beathard, commenced an action against Eldred Harrington before W. J. Richardson, a justice of the peace of Hiawatha township, Brown county, to recover damages alleged to have been suffered by said plaintiff by reason of Harrington's having brought into Brown county a herd of southern cattle, alleged to have been infected with a disease known as Spanish, or Texas cattle fever, which they disseminated among the cattle in that neighborhood. This case was continued from time to time until March 16, 1881, when upon proper affidavit and application therefor, made by Harrington, the place of trial was changed from said W. J. Richardson to L. S. Herbert, another justice of the peace of said Hiawatha township. After the transfer of said cause to Justice Herbert, the same was continued by said justice until the 7th day of June, 1881. After the cause had been transferred from Justice Richardson to Justice Herbert, and after it had been by Justice Herbert continued until June 7, 1881, the plaintiff below, Thomas Beathard, on affidavit and bond filed, obtained from said Herbert an order of attachment, and the same was levied on a lot of feeding steers belonging to defendant Harrington. After the issue and service of said attachment, to wit, on May 27, 1881, the defendant, Harrington, made a motion to dissolve the attachment, and filed the same with the justice, and gave notice to the plaintiff, Beathard, that the motion to dissolve the attachment would be heard by the justice on Monday, May 30, 1881, at 11 o'clock A. M. On May 30, 1881,

pending the hearing of the motion, and before the hour set for hearing had arrived, and eight days before the time to which said case had been continued, the plaintiff, Beathard, presented to Justice Herbert his affidavit for a change of the place of trial, and offered to confess judgment for costs, and asked for an immediate change of the place of trial. When the affidavit for a change of the place of trial was presented to the justice, it was not sworn to; but the justice administered the oath to the applicant, Thomas Beathard, and then refused to attach his jurat thereto, or to sign the same, or to file the affidavit, and refused to file the offer to confess judgment for costs, and refused to act upon the application. The affidavit was then properly sworn to before the clerk of the district court of Brown county, and was made complete and sufficient in all respects; but the justice still refused to file the same, or to take any action with regard to the application. The plaintiff in this action alleges in his affidavit for the alternative writ of mandamus, the grounds for such refusal as follows: "That in the meantime said justice had fully expressed himself in favor of the said Eldred Harrington and against affiant (Beathard) and his colleagues in similar cases, and said to W. J. Richardson, he was going to dissolve said attachments before granting any change of place of trial;" "That said Herbert refused to put his name to the jurat after having sworn affiant, and then refused to file said affidavit and offer to confess judgment for costs, and declared his purpose and intention to hear said motion to dissolve said attachments before hearing said application to change the place of trial."

The defendant's grounds for his refusal will hereafter be stated in his own language, or rather, that of his counsel, in his return and answer to the alternative writ of mandamus issued in this case.

Immediately after such refusal by the justice, and upon the same day, the plaintiff, Beathard, applied to the district court of Brown county, which was then in session, for an alternative writ of mandamus to compel the justice to attach

his jurat.and signature to said affidavit, and to file the same, and to file his offer to confess judgment, and to take action upon the application for a change of the place of trial, and to order such change of the place of trial to some other justice of the peace of Brown county. The alternative writ was allowed and issued by the court on May 30, 1881, and was served upon Justice Herbert; but whether the writ was served upon the same day upon which it was issued, or on the next day, or on June 1, 1881, is not shown by the record brought to this court. On June 1, 1881, the defendant, Herbert, filed in the case the following return and answer to the alternative writ:

"Now comes the said L. S. Herbert, and in answer to the alternative writ of mandamus issued in this case, denies that the said Thomas Beathard has made a legal application before him as a justice of the peace to transfer the case of Thomas Beathard v. Eldred Harrington to some other justice of the peace of Brown county, Kansas.

"And the defendant, further answering, says that he denies that he refused to affix his jurat to any affidavit in said case. He says that C. W. Johnson, Esq., presented to him an affidavit, to which Thomas Beathard swore, and desired him to affix his jurat thereto and to file the same in said case; that he was proceeding to file the same and to affix his jurat, when said Johnson told him that as soon as the same was filed he would be ousted of his jurisdiction in said case; that said case was brought by Thomas Beathard against Eldred Harrington before W. J. Richardson, Esq., a justice of the peace of Hiawatha township, Brown county, Kansas, in October, 1880, and was transferred to him from the docket of W. J. Richardson, Esq., a justice of the peace of Hiawatha township, Brown county, Kansas, about seven weeks before, on the application of the defendant, and had been continued until the 7th day of June, 1881, and since said continuance an attachment had been issued in said case, and a motion to dissolve the same was then pending before him, and he doubted his authority to transfer said case, and desired time for reflection thereon, and by the consent of said Johnson, attorney for the plaintiff, he was to announce his determination at one o'clock P. M. of the 30th day of May, 1881, and that before he saw said Johnson at his office to announce

his determination, or before he was called upon for his conclusion in said matter, and without any refusal on his part to affix his jurat to said affidavit, or to file the same, or to pass upon the question of transferring said case, he was served with this writ; that he is willing and ready to attach his jurat to said affidavit, which, however, he understands has been sworn to before some other officer; that he is willing and ready to file said affidavit, and has been ever since one o'clock P. M. of the 30th day of May, 1881, which said affidavit, however, was, before said Johnson applied for his decision, taken away from him by C. W. Johnson, Esq., and has not been in defendant's possession until the service of this writ on him; that he is now, and has been, ready and willing, from one o'clock P. M. of said 30th day of May, 1881, to act upon said question of the transferring of said case to some other justice; that he has never refused to transfer it, or announced that he should not decide any matter or question pending before him in said case before or after passing upon the question of such transfer.

"Wherefore, this defendant asks that he be discharged herefrom, and that he recover his costs."

The district court held that the return and answer to the alternative writ were insufficient, and ordered that a peremptory writ of mandamus should issue; which was done, and the latter portion of said peremptory writ reads as follows:

"And now, having fully considered your answer and cause shown by way of return to said (alternative) writ, and having fully heard your counsel, Messrs. Lacock & May and W. D. Webb, thereon, we have adjudged that your said return herein is insufficient and as showing no cause of defense or excuse why you have delayed the performance of the matters complained of in said writ; and now, therefore, these presents are to command you that you do, without unnecessary delay, affix your signature to a jurat upon said affidavit of Thomas Beathard for a change of place of trial in the said case of Beathard v. Harrington, and file said affidavit and offer to confess judgment in your court in said cause, and thereon make an order transferring said cause to some other justice of the peace of Brown county, to one in Hiawatha township, if any there be qualified to try said cause, and if not, then to some justice that is qualified in some adjoining township in said county,

without other excuse or delay whatever. And herein fail not under the penalty of the law."

The court below evidently considered the return and answer to the alternative writ as a sham and a subterfuge, and as an attempt to trifle with justice; and probably the court below was not entirely mistaken in this respect.

The defendant below, plaintiff in error, makes the following points in this court, which we shall consider in their order:

I. The plaintiff in error claims that as Harrington had obtained a change of venue from Justice Richardson to Justice Herbert, that no other change of venue could be obtained or allowed in the case under the statute. This claim is certainly untenable. The statute provides that "if, on the return of process, or at any time before trial shall have been commenced, either party shall file with the justice of the peace before whom any case is instituted or is pending for trial, an affidavit stating: . . . *Second*, That he verily believes that he cannot have a fair and impartial trial before such justice on account of the bias or prejudice of the said justice against the affiant, . . . the trial of the case shall be changed to some other justice of the peace, as provided in the next section." (Comp. Laws 1879, p. 714, § 75.) The next section provides that the trial shall be changed to some other justice of the same township, if there be one in such township legally competent to try the cause; but if there be no such justice within such township, then the trial shall be changed to some justice in an adjoining township of the same county.

II. The plaintiff in error also claims that as Justice Herbert had continued the case until June 7, 1881, he could not hear any application for a change of venue prior to that time. This claim, we also think, is untenable. See § 75 of the justices' code, above cited.

III. The plaintiff in error also claims that the granting of a change of venue is a matter of pure "judicial discretion;" and therefore that, under § 688 of the civil code, it cannot be controlled by mandamus. Again we think the plaintiff in error

is mistaken. The granting of a change of venue by the district court is probably, to a great extent, a matter of judicial discretion; but the granting of a change of venue by a justice of the peace is purely a ministerial act. Section 56 of the civil code provides that "in all cases in which it shall be *made to appear* to the court that a fair and impartial trial cannot be had in the county, . . . the court *may* . . . change the place of trial." But § 75 of the justices' code provides that "if . . . either party *shall file* (with the justice of the peace before whom the cause is instituted or pending for trial) *an affidavit* stating, etc., . . . the trial of the case *shall be changed.*" The justice of the peace may, in some cases, exercise some judicial discretion in determining the question as to what justice he will send the case; but he does not exercise any judicial discretion in determining whether he will grant a change of venue, or not. If the application, when the justice is finally called upon to act upon it, is sufficient, he must grant the change of venue; but if the application is not sufficient, he must refuse it. Upon a similar question, see *Smith v. The State,* 1 Kas. 365.

IV. The plaintiff in error also claims that the plaintiff below did not offer to confess judgment for all the costs which the statute requires he should confess judgment in order to obtain a change of venue. This claim is perhaps correct. The plaintiff's application for the writ of mandamus shows that he offered to "confess judgment for costs;" but the writ itself shows that he offered to confess judgment for only such costs as had accrued in the action at that time. This offer as shown by the writ of mandamus, is insufficient. Sections 78 and 79 of the justices' code provide that where a plaintiff asks for a change of venue, he shall either pay or confess judgment for "all costs which have accrued, and which shall accrue in the cause, until the transcript and papers shall be delivered to the justice to whom such cause is removed for trial." But this failure on the part of the plaintiff to offer to confess judgment for all the costs that should accrue in the case up to the final completion of the change of venue, does not excuse the

justice for refusing to attach his jurat and signature to the affidavit made by the plaintiff to obtain the change of venue, or his refusal to file such affidavit; nor does it excuse the justice for refusing to take any action in the matter. The application for the change of venue, and the refusal of the justice to take any action with reference to it, was on May 30, 1881; the alternative writ was issued on the same day, and was perhaps served on the day it was issued; and at the time it was served the defendant substantially admits that the affidavit made for the purpose of obtaining the change of venue was a second time, if not a third time, placed in his hands; and the alternative writ was not returned until June 1, 1881; so that the defendant had ample time—if he had been willing—to have attached his jurat and signature to the affidavit, and to have filed the affidavit, and to have filed the plaintiff's offer to confess judgment, and to have acted upon the matter, and to have done all these things before he made his return to the alternative writ; but he had not done any of these things when he made his return to the alternative writ, nor had he done any of these things even when the case was heard by the district court. This was inexcusable.

The judgment of the court below will be modified as follows: It will be so modified that the change of venue shall not be granted until the plaintiff has paid, or offered to confess judgment for, the full amount of the costs that have accrued in the case in the justices' court, and that shall accrue in the case until the transcript and papers shall be delivered to the justice to whom the case shall be removed for trial. And the judgment will be further modified so as to assess against the plaintiff all the costs made in the mandamus case up to and including the service of the alternative writ of mandamus — the time when the plaintiff's affidavit for a change of venue was returned to the justice, the defendant in this case.

In all other respects the judgment of the court below will be affirmed. The costs of this court will be equally divided between the parties.

All the Justices concurring.