BARNHART & BROTHER v. CATHARINE E. DAVIS AND E. L. BARNES.

VENUE, *Change of; Erroneous Ruling; Valid Judgment.* Where a sufficient application for a change of place of the trial is made before a justice of the peace under the provisions of art. 7, ch. 81, Comp. Laws of 1879, and the party making the application confesses judgment for the costs before the justice, it is the duty of the justice to change the trial of the case to some other justice of the peace, as provided in the statute; but even if the application be sufficient and is overruled, the ruling is simply erroneous. The justice does not lose his jurisdiction over the case, and the judgment subsequently rendered is not a nullity or void for want of jurisdiction.

*Error from Neosho District Court.*

MARCH 5, 1883, *Barnhart & Brother* brought an action against *Davis* and another, alleging in their petition —

"That they are now, and were at the times hereinafter stated, partners doing business under the firm-name and style of Barnhart & Brother; that they are now, and were at all the times hereinafter stated, the owners of and in the actual and exclusive possession of a certain steam flouring mill situated in the city of Thayer, Neosho county, Kansas, commonly known as the 'Barnhart Mills;' that on or about the 2d day of February, 1883, the said defendant Catherine E. Davis commenced an action against the plaintiffs, before the defendant E. L. Barnes, who was then and is now an acting justice of the peace for Chetopa township, Neosho county, Kansas; that said action was brought under and pursuant to article 13 of an act of the legislature of the state of Kansas, entitled 'An act regulating the jurisdiction and procedure before justices of the peace in civil cases,' approved March 2, 1868, to recover the possession of said flouring mill from plaintiffs, and to eject said plaintiffs therefrom; that said action was continued from time to time before said justice until the 3d day of March, 1883, when the same was called and came on for trial before said justice of the peace; that on said 3d day of March, 1883, when said case was so called for trial, said plaintiffs appeared and applied to said justice for a change of place of trial, in accordance with article 7 of the act hereinbefore referred to; and Joel Barnhart, one of the plaintiffs above named, filed before said justice his affidavit, stating that he verily believed that he could not and that said plaintiffs could not have a fair and impartial trial before said E. L. Barnes, justice of the peace, on account of the bias and prejudice of the said justice against the said Joel Barnhart and the plaintiffs herein, and at the same time said Joel Barnhart and David Barnhart, defendants in said action before said justice, and plaintiffs herein, confessed judgment before said justice for all costs which have accrued for issuing subpenas to witnesses and service thereof, witness fees and costs of the justice for transferring the cause to the docket of another justice, and thereupon requested said justice of the peace to change the place of trial before some other justice of the peace as required by law; but said E. L. Barnes, justice of the peace, by the procurement of said Catherine E. Davis,

one of the defendants herein, and plaintiff in said suit before said justice, corruptly, fraudulently and oppressively refused to change the place of trial of said suit, and against the objection and protest of plaintiffs herein, proceeded with the trial of said case after said application for a change of trial had been made as aforesaid, and rendered and entered in said suit a judgment against the plaintiffs herein, awarding possession of said flouring mill to said Catherine E. Davis, and ordering that the plaintiffs herein be removed and ejected therefrom, and that the plaintiffs herein pay the costs of said suit; that said justice of the peace, E. L. Barnes, and said Catherine E. Davis threaten to and will, unless restrained from so doing, cause said judgment to be carried into execution, and the plaintiffs herein by virtue of said judgment and process to be issued thereon, to be removed and ejected from said flouring mill, and the same delivered to said Catherine E. Davis; that said Catherine E. Davis is a non-resident of the state of Kansas, and is wholly insolvent, as plaintiffs are informed and believe; that she has given no security for costs in said suit before said justice, and said justice refused, upon said plaintiffs' application, to require her so to do.

"Wherefore plaintiffs pray judgment that said defendants herein be perpetually enjoined from causing any execution or other process to be issued upon the judgment rendered by said E. L. Barnes, justice of the peace, on the 3d day of March, 1883, in the said suit of Catherine E. Davis, plaintiff, against said David Barnhart and Joel Barnhart, partners as Barnhart & Brothers, defendants, and from enforcing or attempting to enforce said judgment, or otherwise interfering with said plaintiffs herein in the possession and enjoyment of said flouring mill; that said judgment so rendered by said justice may be adjudged to have been rendered without jurisdiction, and to be wholly null and void; that plaintiffs may have judgment for their costs herein, and for such other, further and different relief as in equity and good conscience they may be entitled to."

At the April Term, 1883, the court sustained a general demurrer to the foregoing petition. This ruling the plaintiffs bring here.

*L. Stillwell*, and *Hutchings & Denison*, for plaintiffs in error.

*T. N. Sedgwick*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The error complained of is the judgment of the district court sustaining a demurrer to the plaintiffs' petition. The question arising thereon is, whether upon the filing of the affidavit and confessing judgment for costs, as provided for in art. 7, ch. 81, Comp. Laws of 1879, the jusr tice was ousted of all jurisdiction in the case pending before him of Catharine E. Davis against the plaintiffs, for restitu- tion of the steam flouring mill described in the petition. The contention is, on the part of the plaintiffs, that after they had filed their affidavit for a change of place of the trial of the case, and had confessed judgment for costs before the justice, that the justice was not only bound to change the place of trial, but that all of his subsequent acts were mere nullities, and that the judgment subsequently rendered was void.

With this view, we cannot concur. In *Herbert v. Beathard*, 26 Kas. 746, we decided, " if the application for a change of the place of trial is sufficient, the justice must grant the change, but if the application is not sufficient, he must refuse it."

Of course, within this decision, upon proper application and action, a change of the trial should be granted from the justice to whom the application is made, to some other justice; but we have not decided, and are not willing to decide that, upon the filing of a sufficient affidavit and confessing judg- ment for the costs before the justice, as required by the statute, the justice loses jurisdiction of the cause. If the application, when properly made, is overruled, the ruling is merely erroneous, and the judgment subsequently rendered is not a nullity or void for want of jurisdiction. (*City of Ot- tumwa v. Schaub*, 52 Iowa, 515; *Swan v. Bournes*, 47 id. 581.)

The statute concerning the change of the place of the trial from a justice, is not exactly similar to the law of congress providing for the removal of cases from state to federal courts. Under that law, as construed by the United States supreme

court, when a sufficient cause for a removal is made in the state court, the rightful jurisdiction of that court comes to an end, and it becomes the duty of the state court to "proceed no further." The state court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instanti*. No order for the removal is necessary, and the state court has no discretion as to what judge or court it will send the cause. If the state court goes on to adjudicate the case after the removal is made, such action on its part is usurpation, and the fact that such party has, after the removal, contested the suit, does not, after judgment against him, constitute a waiver on his part of the question of the jurisdiction of the state court to try the case. (Dillon on Removal of Causes, § 75; *Railroad Company v. Koontz*, 104 U. S. 5; *Kern v. Huidekoper*, 103 id. 485; *Removal Cases*, 100 id. 457.)

Section 76, chapter 81, Compiled Laws of 1879, reads:

"If the place of the trial be changed on account of the bias or prejudice of the justice, or of his being a material witness in the cause, such cause shall be transferred for trial before some other justice of the peace of the same township, if there be one there legally competent to try such cause; if there be no such justice within such township, or if such change be granted on account of the bias or prejudice of the citizens of such township against such party, the case shall be taken to some justice in an adjoining township of the same county."

Section 77 reads:

" The justice granting such change shall deliver or transmit the papers in the cause, together with a certified transcript of the proceedings before him, to the justice to whom such change may be granted, who shall proceed therein, and have the same jurisdiction, powers, and duties, in all respects whatever, as if such suit had been originally instituted before him."

While the granting of a change of venue by the justice of the peace is purely a ministerial act, nevertheless, under the sections quoted, the justice may, in some cases, exercise judicial discretion by determining the question as to what jus-

tice he will send the case. .There may be two or more justices of the peace in the same township, and the justice before whom the action is commenced may select any one of them who is legally competent to try the case. If there is no justice within the township competent to try the case, then the justice granting the change of place of the trial has the choice of the trial justice in the adjoining township of the same county. The jurisdiction of the justice to whom the change of trial is granted does not attach until the cause is transferred for trial, the justice selected to try the case, and a certified transcript of the proceedings delivered to him. ·.

The other questions presented are not important, as they do not affect the jurisdiction of the justice trying the cause. As the defendants were acting under the authority of the judgment, which was not a nullity or void, in obtaining the restitution of the mill in controversy, the district court did not err in its ruling.

The judgment of the district court will be affirmed.

All the Justices concurring.