E. V. SNIVELY v. A. J. HILL *et al.*

1. CONTINUANCE—*Promise not to Call for Trial.* In an action before a justice of the peace that had been continued to a day certain by the agreement of both parties, an attorney for the defendant has no right to rely on a promise of the justice that the case should not be called for trial until the attorney had been notified.

2. AGREEMENT TO ARBITRATE—*Suit, not Discontinued.* An agreement to arbitrate all matters in dispute, made by the parties to an action then pending before a justice of the peace, but the record failing to show that such agreement was made in the presence of the justice or that his attention had ever been called to the same, or that it was ever made the basis of a motion to dismiss or discontinue the suit, or that any arbitration had ever taken place, is not of itself sufficient to discontinue the suit.

*Error from Brown District Court.*

ACTION to restrain the collection of a certain judgment. Judgment for defendants, *Hill* and two others, at the February term, 1889. The plaintiff, *Snively*, brings the case to this court. The facts are stated in the opinion.

*F. W. Raymond,* and *W. D. Webb,* for plaintiff in error.

*C. W. Johnson,* and *S. F. Newlon,* for defendants in error.

Opinion by SIMPSON, C.: Action in the district court of Brown county by Snively against A. J. Hill, Fred. F. Hill, and L. S. Herbert, a justice of the peace, to restrain the collection of a judgment rendered by Herbert as a justice of the peace against Snively, and in favor of Hill Bros., for $161.37

and costs of suit. The trial court sustained a demurrer to the petition of the plaintiff, and he brings the cause here for review, standing on the petition. The petition alleged the commencement of the action before the justice; that on the return-day of the summons both parties appeared in person and by counsel, and the cause was continued by agreement until the 1st day of August, 1888, at 10 o'clock A. M.; that on the same day it was agreed by the parties that the matters in dispute should be submitted to arbitration, and under said agreement Hill Bros. selected an arbitrator, and Snively chose one, and these two were to select a third, and the decision of two was to be binding upon the parties; that the arbitration was postponed, at the request of one of the defendants in error, on account of sickness and death in his family; that a day or two before the 1st day of August, 1888, the attorney of the plaintiff in error went to the office of the justice of the peace, and was then informed by the said justice that he had made no entry on his docket of the adjournment of the trial from the return-day of the summons until the 1st day of August, and that it was then agreed by the justice and the said attorney that the case would not be called for trial unless the said attorney was notified of the time; that the attorney then went away and awaited such notice, but that no notice was ever given to him; that on the 1st day of August, Hill Bros. appeared and continued the case until the 16th day of August, at 10 o'clock A. M.; that on the 16th the plaintiffs below appeared by counsel and continued the case until August 31, the defendant below not appearing; that on the 31st the plaintiffs appeared and continued the case until the 15th day of September, at 10 o'clock A. M.; that on the 15th of September, the defendant not appearing, the plaintiffs below took judgment for $161.37 and costs. These are all the necessary averments in the petition.

The plaintiff in error bases his claim for reversal on these three propositions: First, the judgment was fraudulent, because there was an agreement with the justice that Snively's attorney should be notified before the case was called for trial,

and judgment was rendered weeks after without the knowledge of the plaintiff in error or his attorney, or without giving the plaintiff in error his day in court, and by lulling him to repose; second, that by the neglect of the justice to make the entry of the order of continuance on his docket, he lost jurisdiction of the cause; third, that the agreement to arbitrate was a discontinuance of the suit, and for the defendants in error to afterward take judgment without notice was unfair, dishonorable, and fraudulent. The question for us is, does the petition state a good cause of action by its various recitations respecting these matters?

I. As to the first of these it is apparent, both from the recitations of the petition and the entries on the justice's docket, a transcript of which is embodied in the petition, that the plaintiff in error was present on the return-day of the summons, when the case was continued by agreement; that it was set for trial on the 1st day of August; and that it was his bounden duty to be there in person or by attorney. The justice, in the absence of the parties who brought the action, had no legal right to assure the attorney of the plaintiff in error that the case should not be called for trial until the attorney was notified of the time. The time of trial had been fixed on the 1st day of August by agreement. The justice could not change it without a further agreement by the parties. The petition does not allege that either the plaintiff in error or his attorney was not present on the 1st day of August by reason of the pending proposition to arbitrate, but the claim is based exclusively upon the proposition that the justice had agreed with the attorney that the case should not be called for trial until the attorney was notified of the time, and the time had already been fixed by agreement of all parties.

Again, it is said that the justice informed the attorney that he had made no entry of the continuance from the return-day of the summons to the 1st day of August, and yet they place in the petition an extract from the docket of the justice that recites, "that now, on this 2d day of July, 1888, at 10 o'clock A. M., the plaintiffs appear in person and by attorney; defend-

ant also appeared in person; and by agreement this case was continued till August 1st, 1888, at 10 o'clock A. M. of said day.''
With these two contradictory statements both contained in the petition — one that no entry was made, the other showing by the docket itself, on its face, that it was made at the proper time — we will not disturb the ruling of the district court on this question.

II. The second contention is, that the justice lost jurisdiction of the case by reason of not having made the proper entries at the time the particular proceeding took place; but what we have already said with respect to the continuance from the return-day of the summons is a sufficient answer.

III. The third contention is, that the agreement to arbitrate was a discontinuance of the suit. As it is not alleged that this agreement was made before the justice or in the justice's court, or that it was ever called to the attention of the justice, or that it was ever made the basis of a motion to dismiss the action or discontinue the suit, it is difficult to see how it could have had the effect claimed. Without adverting to other evident reasons, this contention is not sound.

IV. The record shows affirmatively that from the return-day of the summons the plaintiff in error and his attorney paid no attention to the proceedings in this action. The parties who instituted it before the justice continued it three times in the absence of the plaintiff in error, and these continuances, made under such circumstances, are very strong protests against any inference of fraud or undue means. If there was an agreement to arbitrate, such as could have been enforced, ordinary care in the management of a lawsuit would have prompted any reasonable man to have called the attention of the justice to it.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.