J. H. ELLIS v. FRANK WHITAKER AND LEWIS THOMAS.

No. 11,848. (64 Pac. 62.)

JUSTICE OF THE PEACE—*Change of Venue—Mandamus.* Section 42 of chapter 103, General Statutes of 1897 (Gen. Stat. 1899, § 5114), requiring justices of the peace to grant changes of venue upon proper application, is mandatory, but a justice does not lose jurisdiction of the case upon the making of the demand. If the demand be refused and judgment subsequently rendered, and satisfied by forced sale of property, mandamus will not thereafter issue to compel the granting of the change. The writ would then be unavailing.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed March 9, 1901. *In banc.* Reversed.

*F. M. Redburn, S. C. Westcott,* and *G. W. Wheatley,* for plaintiff in error.

*E. E. Sapp, G. H. Wilson,* and *John R. Sapp,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action of mandamus brought by defendants in error Whitaker and Thomas, as plaintiffs, against J. H. Ellis, a justice of the peace, as defendant, to compel the latter, as such justice, to grant a change of venue. Whitaker and Thomas were defendants in an action for the recovery of money, pending before Ellis as justice of the peace. They applied, under the statute providing for changes of venue from justices, for an order sending the case to another justice for trial. The application was denied. The case then proceeded to judgment, to the issuance of an execution, and to a sale of the property in satisfaction of the judgment. After all these pro-

ceedings were had the application for mandamus was made. It was granted, and from the order granting it error has been prosecuted to this court.

Section 42 of chapter 103, General Statutes of 1897 (Gen. Stat. 1899, § 5114), requiring justices of the peace to grant changes of venue when properly applied for, is mandatory. (*Herbert v. Beathard*, 26 Kan. 746.) Hence the justice ·should have changed the venue of the case, if the application therefor was properly made. However, the application was denied, and the question is whether its allowance will be compelled by mandamus after the time at which it could be made effective for the purposes of the party applying for it. It is fundamental that mandamus will not be granted when, if issued, it would prove unavailing. (High, Ext. Leg. Rem. § 14.) In the case under consideration, a change of venue at the time the writ of mandamus was applied for and granted would have been unavailing, unless it be that the demand for the change deprived the justice of power to render judgment and left him with no further jurisdiction over the case than to make the order of removal. The justice, however, did not lose jurisdiction over the case. His ruling in denial of the application was error, assuming that such application was properly made, but his judgment thereafter rendered was not a nullity. It was voidable only. This has already been decided in *Barnhart & Brother v. Davis*, 30 Kan. 520, 2 Pac. 633.

The judgment of the court below was erroneous, and is reversed, with directions to deny the writ.