MARY ALICE HAMILTON v. CHARLES A. SMART, *as Judge, etc.*

No. 15,823.   (95 Pac. 836.)

MANDAMUS—*Change of Venue.* It was said that if an error was committed in denying a motion for a change of venue it could be corrected in a proceeding in error, and mandamus could not be employed to compel the trial court to allow the motion.

Original proceeding in mandamus.   Opinion filed May 9, 1908.   Writ denied.

*W. J. Costigan,* and *Gamble & Taylor,* for plaintiff.
*F. M. Harris,* for defendant.

*Per Curiam:* In an action brought by Mary Alice Hamilton against the city of Ottawa she moved for a change of venue, upon the ground that the district judge was disqualified by reason of being a resident and taxpayer of the city.   The motion was denied, and thereupon the plaintiff applied to this court for a writ of mandamus to compel that court to grant a change of venue.   She insists that the district court committed error in denying her application for a change of venue. It is plausibly argued by counsel for defendant that ownership of property and residence within a city do not constitute such an interest as disqualifies a judge, but, however that may be, if an error was committed in refusing a change of venue it may be corrected in an ordinary appellate proceeding.   The extraordinary

remedy of mandamus can not be employed when an effective remedy may be had in a proceeding in error. (*Mason v. Grubel,* 64 Kan. 835, 68 Pac. 660.)

The writ is denied.