No. 19,436.

FRANK SPACEK, *Plaintiff*, v. J. A. AUBERT, *Defendant*.

SYLLABUS BY THE COURT.

1. CHANGE OF VENUE—*Sufficient Application—No Formal Motion Required.* The presentation of a proper affidavit and confession of judgment for costs to a justice of the peace to obtain a change of venue in an action for forcible entry and detainer is a sufficient application. A formal motion is not required.

2. MANDAMUS—*Error in Refusing Change of Venue—Not Corrected by Mandamus.* An erroneous refusal by a justice of the peace to grant a change of venue does not deprive him of jurisdiction. The remedy in such case is by appeal. Mandamus will not be allowed to correct the error.

Original proceeding in mandamus. Opinion filed June 6, 1914. Peremptory writ denied.

*B. C. Mitchener,* of St. Marys, and *Edwin L. O'Neil,* of Topeka, for the plaintiff.

*Maurice Murphy,* of St. Marys, for the defendant.

The opinion of the court was delivered by

BENSON, J.: This is an action in mandamus to compel a justice of the peace to grant a change of venue in an action of forcible entry and detainer. The case is presented here upon the alternative writ, the answer and affidavits. While there is some conflict in the affidavits it appears from statements of counsel that the

defendant appeared on an adjourned day just before the hour set for trial and laid upon the justice's table an affidavit for a change of venue and confession of judgment for costs, and then left the room, making no further appearance in the action. The justice made the usual notation of filing. At the proper time the case was called, the plaintiff appeared, witnesses were examined and judgment was rendered in favor of the plaintiff. No formal motion, oral or written, was made for a change of venue.

Two reasons are given for refusing to change the venue; first, that a proper application was not made, and second, that the papers were presented too late.

The statute regulating practice before justices of the peace contains the following provision:

"If, on the return of process, or at any time before trial shall have been commenced, either party shall file with the justice of the peace before whom any cause is instituted or is pending for trial, an affidavit, stating, . . . *second,* that he verily believes that he cannot have a fair and impartial trial before such justice, on account of the bias or prejudice of the said justice against the affiant; . . . —the trial of the case shall be changed to some other justice of the peace, as provided in the next section." (Jus. Civ. Code, § 75.)

Another section requires the payment of costs already accrued or a confession of judgment therefor.

In another article of the same act relating to actions for forcible entry and detainer it is provided:

"If the suit be not continued, place of trial changed, or neither party demand a jury upon the return-day of the summons, the justice shall try the cause." (Jus. Civ. Code, § 166.)

The defendant contends that the last provision relating specially to proceedings in forcible entry and detainer requires a change of venue only when applied for on the return day, and that the general provision allowing such a change at any time before the trial does not govern in such proceedings. Whether this view is correct or not, a question was presented for

judicial consideration and decision, and the error, if any, can be corrected only on appeal.

The contention of the defendant that a motion or application other than presenting the paper was necessary can not be sustained. The presentation of the proper affidavit and confession was a sufficient application. It could not be presumed that the papers were filed in vain, or for any other purpose than to secure a change of venue. The justice, who is the clerk of his own court, receiving such papers can not doubt the object of presenting them. No other formality is required by the statute. It does not follow, however, that mandamus is the proper remedy. It. was decided in *Barnhart & Brother v. Davis,* 30 Kan. 520, 2 Pac. 633, that although an application for change of venue is sufficient and should be granted the court still has jurisdiction and its judgment is simply erroneous and not void.

In *Ellis v. Whitaker,* 62 Kan. 582, 64 Pac. 62, it was held that a refusal by a justice of the peace to grant a change of venue upon a proper application was erroneous, but that mandamus would not be allowed to compel the change after a judgment rendered in the action had been satisfied by a forced sale of property. It was said in the opinion:

"The justice, however, did not lose jurisdiction over the case. His ruling in denial of the application was error, assuming that such application was properly made, but his judgment thereafter rendered was not a nullity. It was voidable only." (p. 583.)

In *Hamilton v. Smart,* 78 Kan. 218, 95 Pac. 836, an application for a writ of mandamus to compel a district judge to grant a change of venue was denied. It was said in the opinion:

"The extraordinary remedy of mandamus can not be employed when an effective remedy may be had in a proceeding in error." (p. 218.)

The cases cited rule the present controversy. The plaintiff had an adequate remedy by appeal.

In a case in Nebraska where motions for a continuance and for a change of venue were made before a justice of the peace and overruled, it was decided that mandamus would not lie. (*State, ex rel. Proctor, v. Cotton,* 33 Neb. 560, 50 N. W. 688.)

The same principle is stated in 26 Cyc. 203.

A peremptory writ will not be allowed.