No. 25,199.

C. W. McPHERSON, *Appellee*, v. WILLIAM C. MARTINSON and CHESTER A. CONNER, *Appellants*.

### SYLLABUS BY THE COURT.

INJUNCTION—*Voidable Judgment by City Court—Continuance as Matter of Right—Execution Not Restrained by Injunction.* Where an action is brought in a city court and before the time set for hearing the defendant files an affidavit which under the statute entitles him to a continuance as a matter of right, a judgment rendered against him on the return day in his absence is erroneous but not void and injunction will not lie to restrain its execution.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed April 5, 1924. Reversed.

*Z. Wetmore, Fred Hinkle,* and *Geo. M. Ashford,* all of Wichita, for the appellants.

*Ross McCormick,* of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: William C. Martinson sued C. W. McPherson in the city court of Wichita for a real-estate commission. On the day before the return day McPherson filed an affidavit for a continuance. He did not appear, however, at the time set for hearing and in his absence a judgment was rendered against him, of which he did not learn until more than ten days later. He brought the present action to enjoin the enforcement of the judgment on the

McPherson v. Martinson.

ground that it was void because the filing of the affidavit gave him an absolute right to a continuance. Upon an agreed statement of facts the injunction was granted and Martinson appeals.

This court has held that a justice of the peace does not lose jurisdiction of a case by refusing to grant a change of venue upon an application which under the statute makes it his mandatory duty to do so—that the ruling is merely erroneous, subject to be corrected by proceedings in error (*Ellis v. Whitaker,* 62 Kan. 582, 64 Pac. 62), or under the present code by mandamus. (*Weaver v. Wilson,* 112 Kan. 417, 211 Pac. 142.) We think it necessarily follows that although the statute (R. S. 61-802) gives an absolute right to a continuance "for a period not exceeding fifteen" days upon the filing of such an affidavit as that here involved, the failure to make the order is merely an error and does not make void a judgment thereafter rendered. The filing of the affidavit does not itself effect an adjournment of the case. Although a justice has no discretion to deny a proper application for a continuance, in ruling upon it he acts judicially; he is required to determine whether it is sufficient in form and properly verified, and to fix the hour and perhaps the day to which the adjournment shall be had. If he rightly or wrongly believes that the affidavit is insufficient, or that it is necessary for the party filing it or his attorney to present it at the time the case is called, a mistake in that regard is one of judgment—a judicial error by one having jurisdiction to act. Where a judgment upon the pleadings is rendered directly contrary to what a statute explicitly directs, it is not on that account void or subject/ to be enjoined. (*Wyandotte County v. Investment Co.,* 80 Kan. 492, 103 Pac. 996.)

In behalf of the appellee it is urged that even if the failure to grant the continuance did not result in a loss of jurisdiction the judgment was properly enjoined upon general equitable grounds. There is no showing of actual fraud. It was agreed that neither the judge of the city court nor the plaintiff in the case then pending had any knowledge or notice of the filing of the affidavit for continuance until fourteen days after the judgment was rendered. The mere fact that such an affidavit was on file could not make the conduct of the judge or the adverse party constructively fraudulent. A practice to continue causes for fifteen days upon the filing of such an affidavit was pleaded but not proved and if admitted would not have justified the injunction. (See *Snively v. Hill,* 46 Kan.

494, 26 Pac. 1024.) It is said that "Equity may relieve a party from a judgment taken against him through his excusable neglect." (23 Cyc. 1015.) Construed in connection with the cases cited in its support this language clearly means, not that a judgment may be enjoined because the defendant through neglect for which there was a reasonable excuse failed to appear and resist it, but that where a sufficient ground exists for an injunction, such as the fraud of the other party, relief will not be denied to the applicant merely because he has not himself exercised full diligence. The predicament in which the appellee finds himself is unfortunate. Without intentional fault he has been deprived of an opportunity to prove his defense to his opponent's claim. But it would not have required a very high degree of diligence to protect himself. If he had been present at the time set for the hearing, to see that the affidavit for continuance was brought to the attention of the judge and correctly ruled upon, he could have prevented the rendition of the judgment against him. And if within ten days thereafter he had made inquiry to learn whether the proper order had been made, he could either have had relief by an appeal from it (R. S. 61-1002) or by a motion to set it aside (R. S. 61-902). Had such inquiry been made within five days he could have filed a motion for a new trial because of accident or surprise which ordinary prudence could not have guarded against or because he had not been afforded a reasonable opportunity to be heard on the merits. (R. S. 61-831; 60-3001.) He saw fit to rely upon the presumption that his affidavit would be brought to the attention of the judge and that a fifteen-day continuance would be ordered. His case is in our view no stronger than that of the litigant who was denied relief by injunction against a judgment rendered in the absence of himself and his attorney due to their reliance upon the promise of the judge that the case should not be called for trial until the attorney had been notified. (*Snively v. Hill,* supra.)

A reversal is ordered with directions to deny the injunction.