No. 29,365.

Lewis Borden, *Appellee,* v. S. P. Miles, as Justice of the Peace, *Appellant.*

(288 Pac. 563.)

Opinion filed June 2, 1930.

P. L. *Courtright* and *Joe. W. Moss,* both of Independence, for the appellant.

J. D. *Brown,* of Independence, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was a proceeding in mandamus in the district court of Montgomery county to compel the defendant as justice of the peace to grant to Lewis Borden, plaintiff herein, a change of venue as directed by statute.

The controlling facts were these: The defendant, S. P. Miles, was a justice of the peace in the city of Independence. On April 29, 1929, Orville Roberts filed an action against Lewis Borden and Alice Attaway in the justice court of this defendant. The bill of particulars set out nine causes of action based on certain promissory notes for $12.50 each, dated July 29, 1924. Summons was duly

served on both defendants and the case was set for trial on May 10, 1929, at 9 o'clock a. m.

On May 9, 1929, Borden filed with defendant Miles an affidavit for a change of venue on two grounds:

"1. That he verily believes that he cannot have a fair and impartial trial before said justice, on account of the bias and prejudice of said justice, against affiant.

"2. That affiant demands a jury to try said cause as provided by law, and that he cannot as he verily believes have a fair and impartial trial in the city of Independence, and in Independence township, Montgomery county, Kansas, on account of the bias and prejudice of the citizens thereof, and further affiant saith not."

At the same time Borden filed a confession of judgment for costs.

On the day set for the trial before the defendant justice the application for a change of venue was presented and denied. Borden and his counsel then withdrew from the court room. Alice Attaway, codefendant of Borden, did not appear. The justice waited one hour; plaintiff then presented his evidence and rested; and judgment was entered against both defendants as prayed for.

Eight days later this action was begun. Plaintiff's petition recited the pertinent facts. Attached to his petition were authenticated copies of the files in *Roberts v. Borden* and of defendant's court docket relating thereto. One recital in that docket reads:

"After short arguments of counsel, the court finds the application for change of place of trial in the form presented should be overruled, as to being set out of the city of Independence, but with the consent of the plaintiff offered to transfer the same to the court of C. L. Jukes, of Independence city, to all of which the defendant objected. Thereupon, the court overruled the application for change of place of trial and called the case for trial, and asked the counsel for defendant whether he was ready for trial or desired a continuance, to which counsel said he did not want a continuance and would not go to trial, and thereupon with the defendant left the court room with his counsel, who said as a parting shot at the court, he would mandamus the court, as there was a higher court."

In his petition for mandamus plaintiff Borden prayed—

"For an order and judgment for peremptory mandamus, a change of the place of trial, from the said justice of the peace of Independence city, and also for a change of trial from the citizens of Independence township, to some other adjoining township in Montgomery county, Kansas. That the several acts, proceedings and judgments by the said justice of the peace, be set aside and held for naught and be adjudged void. That the plaintiff recover a judgment herein against said justice of the peace, for his costs, damages and attorney fees, and for such other and further relief as to the court may seem just and equitable."

In his answer defendant admitted a number of pertinent facts about which there could be no dispute, raised certain legal questions in the nature of a demurrer to plaintiff's petition, and further alleged—

"VI. For a sixth and further answer and defense herein, this defendant says that he could not legally grant the change of venue as asked by defendant, Lewis Borden, as the same was not in all respects legal and proper for the reason that under the law it was his duty to send such change of venue to the justice in the same township, or an adjoining township, and that Independence township does not have a justice of the peace, and said Lewis Borden refused a change of venue to the other justice of the peace in the city of Independence.

"VII. The defendant for a seventh and further answer, and defense herein, alleges that his refusal to grant a change of venue in said action was in all respects legal, proper and just, and that he has complied with all laws respecting the jurisdiction of his court in refusing said application for a change of venue; and that this defendant has performed all duties imposed upon him by law to perform."

Both parties filed motion for judgment on the pleadings. Defendant's motion was overruled and plaintiff's motion was sustained. Following these rulings the trial court was informally advised by counsel for the parties that in Drumcreek township, adjacent to the city of Independence, there was one justice of the peace, David Curliss, to whom a change of venue could be taken. Thereupon the court ordered—

"That plaintiff should be granted a writ of peremptory mandamus against defendant, S. P. Miles, justice of the peace in and for Independence city, Montgomery county, Kansas, in the action filed in his court wherein Orville Roberts was plaintiff and Lewis Borden and Alice Attaway were defendants.

"That the place of trial should be changed from said justice of the peace, S. P. Miles, to some other justice of the peace in a township adjoining Independence city, Montgomery county, Kansas, and that such trial should be changed to and had before David Curliss, a justice of the peace in and for Drumcreek township, Montgomery county, Kansas, which joins Independence city, at defendant's cost."

Defendant appeals.

The right of a litigant before a justice of the peace to a change of venue upon the timely filing of an affidavit with a statement of the statutory grounds therefor is absolute under the statute. (R. S. 61-701; *Herbert v. Beathard,* 26 Kan. 746; *Weaver v. Wilson,* 112 Kan. 417, 211 Pac. 142.) Prior to the revision of the code, in 1909, it had been held that while it was the duty of the justice to grant the change of venue on a proper showing, yet if he refused to do so his jurisdiction was not lost and the aggrieved litigant could only

have redress by appeal. There was fair ground for such a view at the time our early cases like *Barnhart & Brother v. Davis*, 30 Kan. 520, 2 Pac. 633, were decided, because the code then provided for the correction of errors committed by a justice of the peace by a petition in error. Conceding the adequacy of that form of redress for the recreancy of the justice, it no longer exists, as·was thoroughly explained in *Weaver v. Wilson*, supra.

But even before the revision of the code in 1909 this court had uniformly held that the duty of a justice to grant a change of venue on the statutory showing was a mandatory, ministerial duty, and although mandamus was sometimes refused to compel its performance such refusal was placed upon the ground that the remedy of mandamus would be unavailing. (*Ellis* v. *Whitaker*, 62 Kan. 582, 64 Pac. 62.) Such a ruling, however, is not peculiar to cases in mandamus, but is one of general application. (*Jenal v. Felber*, 77 Kan. 771, 772, 773, 95 Pac. 403.)

In *Barnhart & Brother v. Davis*, supra, this court declined to recognize the analogy between the statutory right of a litigant before a justice of the peace to the right of a litigant to remove a cause from the state court to a federal court. The court by Chief Justice Horton said:

"The statute concerning the change of the place of the trial from a justice, is not exactly similar to the law of congress providing for the removal of cases from state to federal courts. Under that law, as construed by the United States supreme court, when a sufficient cause for a removal is made in the state court, the rightful jurisdiction of that court comes to an end, and it becomes the duty of the state court to 'proceed no further.' The state court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instanti*. No order for the removal is necessary, and the state court has no discretion as to what judge or court it will send the cause. If the state court goes on to adjudicate the case after the removal is made, such action on its part is usurpation, and the fact that such party has, after the removal, contested the suit, does not, after judgment against him, constitute a waiver on his part of the question of the jurisdiction of the state court to try the case." (p. 523.)

Since the revision of the justice's code we think the analogy between the right of a litigant before a justice of the peace to a change of venue on the statutory showing and the right of a litigant on proper showing to remove a cause from state to federal court is quite apparent. The statutory affidavit which contains the requisite recitals literally lifts the cause out of the justice's jurisdiction, leaving him naught to do except the performance of his ministerial duty of transferring the cause to another justice of the peace and

forwarding the papers to such other justice together with a certified transcript of the proceedings. (R. S. 61-701, 61-703.) The case of *McPherson v. Martinson*, 115 Kan. 828, 224 Pac. 907, is not at variance with what has just been said nor with the rule announced in *Weaver v. Wilson*, supra. That case merely held that an erroneous and oppressive ruling on a motion for a continuance which ought to have been granted did not vitiate the judgment nor warrant the issuance of an injunction to restrain its execution. Of course, that is the law. No court, not even a justice of the peace, loses jurisdiction because of merely erroneous rulings. It is another matter, however, when he makes rulings in a cause after he has been effectively stripped of jurisdiction.

It is urged that defendant should not have been required to grant a change of venue in this case because there were two defendants and only one of them made application for a change of venue. The only defendant who did appear made a sufficient application. The nonappearing defendant might be in collusion with the plaintiff; she might be judgment proof; she might be dead. Appellant cites cases from other jurisdictions holding that where an application for a change of venue is not joined in by all defendants it may properly be denied. Without committing this court either for or against that rule, certainly its application must be limited to cases where the discordant defendants are actually in court and concerning themselves with the litigation. It must be held that plaintiff herein could not be deprived of his statutory right to a change of venue because his codefendant in *Roberts v. Borden* who ignored the lawsuit entirely did not join in the application therefor.

A final argument is urged against the judgment to this effect: The statute says that if a jury be demanded *by the adverse party*, etc., the trial shall be changed to some other justice. (R. S. 61-701.) Appellant suggests that *Roberts*, the plaintiff in the justice's court, was the *adverse party* to which the statute refers. We must hold otherwise. Roberts chose the forum in which he preferred to litigate when he filed his action in defendant's court. The *adverse party* who demanded a jury trial and averred that he could not have a fair trial in that forum nor in Independence township was the defendant in that case, plaintiff herein.

The record contains no error and the judgment is affirmed.

JOCHEMS, J., dissents from syllabus 3 and the corresponding part of the opinion.