No. 37,754

DAVID CUTREL and ROSIE BENDER, *Plaintiffs*, v. LEE F. BEST, a Justice of the Peace of the City of Columbus, Cherokee County, and ARCHIE BOTTOM and JACK DEWEY, *Defendants*.

(217 P. 2d 270)

Opinion filed April 8, 1950.

*Oscar M. Yount,* of Galena, argued the cause, and *Helen E. Yount* and *Kent E. Yount,* both of Galena, were with him on the briefs for the plaintiffs.

*Fayette Rowe,* of Columbus, argued the cause, and was on the briefs for the defendants.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in mandamus to compel a change of place of trial of an action commenced in the justice of the peace court.

In view of the disposition which must be made of this proceeding it is not necessary that we review at length either the motion for the writ or the answer of the defendants.

In their motion for the writ the plaintiffs allege that the defendant Lee F. Best is now and has been a duly elected and qualified justice of the peace in and for the city of Columbus in Cherokee county, and that prior to April 14, 1949, defendants Bottom and Dewey as plaintiffs commenced a certain forcible detainer action against Cutrel and Bender as defendants in the justice of the peace court of Lee F. Best, and "That after some continuances said forcible detainer action was set for trial on the fourteenth day of April, 1949," by Best, the justice of the peace, and on that day Bottom and Dewey appeared in person and by attorney; that Cutrel and Bender also appeared in person and by their attorney and duly filed with the justice of the peace their certain affidavit for a change of place of trial of the forcible detainer action. The plaintiffs further allege that the justice of the peace granted the change of venue and stated he would transfer the cause of action and cause the papers and files to be sent to Gill, a justice of the peace of the city of Baxter Springs; that later Best notified the present plaintiffs that he had decided not to grant the change of venue and that he would retain jurisdiction to try the action and that he had set the trial of the action for May 5, 1949. Other allegations need not be detailed.

On May 2, 1949, the instant proceeding was commenced and on that date an order was made that Best, the justice of the peace, grant a change of place of trial of the forcible detainer action or show cause on or before May 7, 1949, why he had not done so.

In due time Best filed his answer denying matters not admitted and in which he admitted his official status and that Bottom and Dewey commenced the forcible detainer action mentioned, and that after some continuances, as set out in the motion for the writ, the defendants in the forcible detainer action filed an affidavit for change of venue as alleged in that motion. He also alleges at length that upon presentation of the affidavit for change of venue, the defendants in the forcible detainer action announced that the action would have to be sent to a justice of the peace at the city of Baxter Springs, that the city of Baxter Springs is not an adjoining township to the township of the city of Columbus, and he further alleged at length that there is no other justice of the peace in Columbus and no justice of the peace in any adjoining township to whom the action may be sent for trial. He prayed that a peremptory writ be denied.

On December 3, 1949, the plaintiffs filed their motion for judgment on the pleadings, and thereafter the parties filed their written briefs and orally argued the cause. Under such a motion the facts must be resolved favorably to the defendants (*Smith v. Lundy,* 103 Kan. 207, 173 Pac. 275; *State v. Drainage Dist. No. 3,* 167 Kan. 213, 221, 205 P. 2d 997).

In their brief plaintiffs direct our attention to G. S. 1935, ch. 61, art. 7, which is the portion of the code of civil procedure before justices of the peace dealing with changes of venue generally, as well as to its history and to some of our decisions where the provisions of that article were involved. We need not review either the statute or the decisions for we think it clear that the general rule is that if on the return of the summons or at any time before the trial shall have been commenced, either party shall file with the jutice of the peace before whom the action is instituted or is pending for trial, an affidavit setting forth statutory reasons for a change of trial (G. S. 1935, 61-701) the duty of the justice of the peace to grant such a change is mandatory and not discretionary, and his failure to so perform may be corrected by mandamus (*Borden v. Miles,* 130 Kan. 808, 288 Pac. 563, and cases cited therein).

The defendants do not dispute the correctness of the rule above stated, but they call attention to the fact that this is a forcible detainer action, brought under and governed by the provisions of G. S. 1935, ch. 61, art. 13, and that as applied to such actions specific provision is made that "If the suit be not continued, place of

trial changed or neither party demand a jury upon the return day of the summons, the justice shall try the case"; (G. S. 1935, 61-1309), that the motion for the writ discloses that several continuances had been had before the affidavit for change of trial was filed, and that such filing occurred too late to be effective, and our attention is directed to *Spacek v. Aubert*, 92 Kan. 677, 678, 141 Pac. 254, where the question was presented but not decided. It has been held repeatedly that where there is conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific legislation controls (*Harkrader v. Whitman*, 142 Kan. 186, 46 P. 2d 1) and that where there is repugnancy between a special statute and a general statute, the special statute will prevail (*In re Estate of Park*, 147 Kan. 142, 75 P. 2d 842; *Smith v. Henry*, 155 Kan. 283, 124 P. 2d 448; *Sherman County Comm'rs v. Alden*, 158 Kan. 487, 148 P. 2d 509, 152 A. L. R. 881; *Wyandotte County Comm'rs v. Ferguson*, 159 Kan. 80, 151 P. 2d 694).

The rule of the above cases is applicable here. Whether the defendants in the forcible detainer action were entitled to a change of place of trial was to be determined by the provision of that article of the civil code before justices, and not by the provision of another article dealing with actions generally. It is clear from the allegations of the motion for the writ that the affidavit for change of place of trial was not filed upon the return day of the summons but sometime thereafter, and it follows that if it was not filed in time it was ineffective and insufficient to compel such a change.

Our conclusion above stated makes it unnecessary to discuss other matters presented in the briefs.

The writ of mandamus prayed for is denied.