T. D. WHITNEY *et al., Appellants,* v. THE SPRING RIVER POWER COMPANY *et al., Appellees.*

No. 16,555.

SYLLABUS BY THE COURT.

APPEAL AND ERROR — *Procedure — Code Provisions Applicable.* An order made at chambers on May 27, 1909, discharging a temporary injunction was excepted to, and the time for filing a petition in error to review it was fixed at thirty days. On June 18, 1909, the petition in error was filed. A motion is made to dismiss the proceedings in this court because an appeal was not taken as provided in the civil code of 1909 nor a petition in error filed until after the repeal of the old code. *Held,* that in view of the provisions of section 754 of the new code and rule 4 of this court the motion can not be sustained.

Appeal from Cherokee district court; CORB A. MCNEILL, judge. Opinion filed November 6, 1909. Motion to dismiss denied.

*C. F. Mead,* for the appellants.

*Charles A. Frueauff, William F. Sapp, Andrew S. Wilson, John E. Hessin,* and *Winfield Freeman,* for the appellees.

Whitney v. Power Co        ·

The opinion of the court was delivered by

BENSON, J.: A motion is presented to dismiss the proceedings in error. The district judge made an order at chambers on May 27, 1909, discharging a temporary injunction. The plaintiffs excepted to the order for the purpose of having it reviewed upon a petition in error. The judge allowed thirty days from that date in which to file such petition in this court, and the petition was filed on June 18, 1909, within that time and in accordance with the practice under the code then in force. (Gen. Stat. 1901, § 5053.) An appeal was not taken nor attempted under the provisions of the present code. (Civil Code 1909, §§ 564-567, 569, 595.) This motion is made upon the ground that no appeal was taken as provided by the code of 1909. It is argued that because no appeal was taken under the new practice, and no petition in error was filed until after the repeal of the old code, this court has not acquired jurisdiction to review the proceedings. The following provisions of the new code are cited to sustain this contention:

"All reviews of the judgments and orders of inferior courts shall be by appeal. Petitions in error are abolished." (Laws 1909, ch. 182, § 567.)

"All proceedings in error and appeals pending at the time this act takes effect shall be heard and disposed of in the manner heretofore provided. In all other cases the procedure shall be such as is hereinbefore provided; but no rights acquired shall be affected by the passage of this act, nor shall a remedy be denied by reason thereof." (Laws 1909, ch. 182, § 754.)

Rule 4 of this court is also referred to, namely:

"Proceedings instituted by the filing of petitions in error in this court before May 29, 1909, will be governed by the law in force prior to that time. A party who thereafter seeks the reversal of a decision rendered prior thereto may avail himself of the appeal provided in the act of 1909 concerning the code of civil procedure. But if the remedy thereby afforded is in any respect inadequate he may avail himself of so much of

the procedure superseded thereby as may be necessary fully to preserve his right of review." (78 Kan. p. x.)

Construing section 7342 of the General Statutes of 1901, which saves rights that have accrued under a statute repealed, it was held that the provisions for an appeal do not give a vested or constitutional right. (*Kansas City v. Dore,* 75 Kan. 23.) Following this rule it might be held that the part of the saving provisions of section 754 of the new code that "no rights acquired shall be affected by the passage of this act" is insufficient to uphold the proceedings by which the jurisdiction of this court is now invoked; but the statute also says, "nor shall any remedy be denied by reason thereof," thus broadening the saving provisions so as to include remedies as well as rights.

The plaintiffs proceeded as the statute then in force required in order to have a review of the order in this court. They were bound to take an exception and to have the time fixed for filing a petition in error. These were steps in the remedy provided for such review. The plaintiffs were proceeding in the use of this remedy when the statute providing for it was repealed.

It was the evident purpose of the legislature that in the transition from the old practice to the new litigants should have a fair opportunity to continue the use of remedies then being pursued by regular proceedings already commenced. To refuse this reasonable interpretation would be to eliminate by judicial construction the concluding clause of section 754 of the new code relating to remedies. If only vested rights, as that term is ordinarily used, are to be conserved by this clause, it appears to have no office to perform, for they are protected by the preceding words.

Rule 4 of this court is in harmony with this interpretation, and was designed to effectuate the liberal policy of the new code for the review of causes by appellate proceedings.

The motion is denied.