JOHN KROENERT, *Appellee*, v. H. B. SAWYER et al. (RUBEN H. SAWYER, as Administrator, etc., *Appellant*).

No. 17,639.

SYLLABUS BY THE COURT.

JUDGMENT—*Justice of Peace—Review on Appeal Only.* A judgment or final order of a justice of the peace can not be reviewed on a petition in error. Under the present code a review of such a judgment or order can only be obtained on an appeal.

Appeal from Cowley district court. Opinion filed June 8, 1912. Affirmed.

*John Parman,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question presented for decision in this proceeding is: Can a judgment rendered by a justice of the peace in an action in which there was a recovery of money be reviewed in the district court upon a petition in error? No appeal was taken from his decision, as the code provides, either by giving a bond under sections 568 of the civil code and 121 of the justices civil code or under section 571 of the civil code, as in appeals to the supreme court, but the appellant went through the form of saving a bill of exceptions which, with a petition in error, he filed in the district court, and upon these he asked a reversal. The court

Kroenert v. Sawyer.

held that a review of the decision could only be had on appeal and, on motion, dismissed the proceeding. From that ruling this appeal is taken.

Under the former code the method used by appellant to obtain a review was authorized but the present code has taken away that remedy. The sections of the justices code providing for bills of exceptions which may be used in a proceeding in error (Jus. Civ. Code, §§ 112, 112b) were not expressly repealed, but the later enactment of the new code effectually nullifies them. It expressly authorizes the review of judgments of justices of the peace, and of other inferior courts, in section 564, and in a later section it is specifically enacted that "all reviews of the judgments and orders of inferior courts shall be by appeal. Petitions in error are abolished." (Civ. Code, § 567.) It also adopts so much of the justices code as provides for the manner of taking appeals from judgments of justices of the peace (Civ. Code, § 568), and then adds that the provisions governing appeals to the supreme court may be applied in appeals to other courts where no specific provisions for such appeals are made by statute (Civ. Code, § 571). The remedies which formerly were obtained by petitions in error can now be had by the simpler method of appeal, and where the procedure for justices of the peace does not fit a particular case a resort may be had to that providing for appeals to the supreme court. The appellant did not avail himself of either of these methods. The present code has not only specifically abolished proceedings in error but it has rendered the practice of taking and preserving exceptions obsolete. (*Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115; *Humble v. Insurance Co.,* 85 Kan. 140, 116 Pac. 472.)

The trial court correctly ruled and its judgment is affirmed.