Chandler v. Caples.

No. 18,948.

A. D. CHANDLER et al., *Appellees*, v. JOHN CAPLES et al., *Appellants*.

SYLLABUS BY THE COURT.

1. JUDGMENT—*In City Court—Motion to Set Aside—Insufficient Affidavit.* An affidavit in support of a motion to set aside a judgment of a city court of Kansas City, rendered against a defendant in his absence, which fails to set out in a general way the facts constituting his defense as the statute expressly requires, is insufficient. (Laws 1905, ch. 192, § 2, subdiv. 3.)

2. SAME—*Insufficient Application to Amend Defective Affidavit.* Where leave is asked to amend an insufficient affidavit filed in support of a motion to set aside a judgment, the defendant should in some appropriate manner disclose the nature of the proposed amendment, to the end that the court may consider whether it will be in furtherance of justice.

3. SAME — *Appeal from Judgment in City Court—Procedure.* Procedure in a city court and upon appeal to a district court is considered, and the final result reached in this case is affirmed without approving all the proceedings.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed November 14, 1914. Affirmed.

*A. J. Herrod,* of Kansas City, for the appellants.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

BENSON, J.: Only questions of practice upon an appeal from a city court to a district court are involved in this decision, which will probably not be very useful as a precedent. The situations presented will not likely recur, and besides the practice upon such appeals has already been outlined in *Kroenert v. Sawyer,* 87 Kan. 374, 124 Pac. 418.

A judgment for the recovery of money was rendered on September 18, 1912, in a city court of Kansas City, on default of appearance of the defendants, who had been regularly summoned. On the same day the defendants filed a motion in writing to set aside the judgment, supported by an affidavit reciting the rendition of the judgment in their absence, and stating "that said defendants and each of them have a just and valid defense to the whole of said plaintiffs' claim."

On successive applications of the defendants, hearing upon their motion was twice continued. On October 11, 1912, it was heard and denied. On the 19th day of October the defendants filed an appeal bond, reciting that they appealed from the judgment against them on the hearing of the motion to set aside the judgment. A transcript was filed and the cause regularly docketed in the district court. The defendants afterwards filed a motion in that court for leave to amend their affidavit in the city court. The plaintiffs filed in opposition to this motion an affidavit stating:

"That the defendants, John Caples & Company run a store near 10th & Central in Kansas City, Kansas; that when the claim of these plaintiffs first came to the affiant for collection, notice was given thereof to the defendants and one of the defendants, M. J. Caples, came to the affiant's office and talked the matter over; that said M. J. Caples then stated that they had the

Chandler v. Caples.

goods for the purchase price of which this suit was brought at their store and had used part of them; that the reason payment had not been made for the goods was because defendants were financially embarrassed and could not pay; that said John Caples then offered to pay for the goods used and return the rest.

"That this affiant then stated to the said Caples that he would be compelled to bring suit under the instructions from his client and the only thing the defendants could do would be to put the case off and finally ·appeal it and thus gain time; that the said M. F. Caples said they would adopt the course and appeal the case.

"Affiant further says that suit was afterward brought on this claim in the City Court and judgment obtained on September 18th, 1912; that when this affiant was notified of the motion to open up judgment and of its being set for September 23d, he went to the City Court on September 23d, at the hour set and found the same had been continued to October 7th by the defendants, that afterwards this defendant went to the City Court on October 7th at the hour set and found the case had been continued to October 11 by the defendants; that on October 11th, at the hearing of this motion, the defendants' attorney admitted that he had an application for a change of venue in his pocket to be filed in case the judgment was opened up; that at the said hearing the defendants' attorney stated on another occasion that he, the defendants' attorney, could not be provoked to state what the defense of the defendants was to be to the plainiffs' case."

With this· affidavit the plaintiffs filed a motion to dismiss the appeal on the ground that it was not taken in time and that no notice of the appeal had been given. On January 21, 1913, the appeal was dismissed.

On January 27, 1913, the defendants filed in the city court a notice of appeal with proof of service. The notice recites that the defendants file "their notice of appeal in said cause from the judgment, order, ruling

and decision of the City Court, First District, Kansas City, Kansas, in this to wit:

"For error of the Court in overruling the motion of the defendants, John Caples, Norah Caples, Maurice J. Caples and Michael F. Caples, to vacate the judgment heretofore rendered by the Honorable A. A. Brooks, Judge of said Court.

"For error of the Court in refusing to grant the said defendants, John Caples, Norah Caples, Maurice J. Caples and Michael F. Caples a new trial in said cause."

Another transcript of proceedings in the city court, including this notice, was then filed in the district court and docketed under a different number from that given to the cause when the first transcript was filed. The defendants then filed a motion in the district court as follows:

"Come now the above named defendants and show to the Court that heretofore and upon the 11th day of October, 1912, in the City Court, First District, Kansas City, Kansas, came on for hearing the motion of the defendants to vacate the judgment theretofore rendered against them in said cause.

"That at said time the attorney for said defendants made an application to the Judge of said Court for leave to amend the affidavit filed in support of the motion to vacate said judgment;

"That said Judge overruled said application to amend said affidavit; that several persons were present in the Court Room and heard the attorney for said defendant make said application; that there is no other way in which this matter could properly be brought before this court.

"Wherefore, defendants ask the court for leave to file the affidavits of several persons who were in the said City Court Room. Said affidavits will show that the affiants heard said attorney make application for leave to amend the affidavits in support of the motion to vacate the Judgment."

A motion was next filed by the plaintiffs to dismiss what is called in the motion the last appeal, on the ground that an appeal had once been taken and dismissed. This motion was overruled. Both parties then

filed in the district court abstracts of the record of proceedings in the city court. On July 3, 1913, the district court affirmed the decision of the city court made on October 11, 1912.

These rather bewildering proceedings illustrate how the administration of justice, which ought to be the end sought in every lawsuit, is sometimes hindered in practice.

Examining the various proceedings it is readily discovered that the affidavit filed by the defendants in support of their motion to set aside the judgment was insufficient. The statute governing such applications requires the defendant to file an affidavit "that he has a just and valid defense to the whole or some part of the plaintiff's claim, setting out in a general way the facts constituting said defense." (Laws 1905, ch. 192, § 2, subdiv. 3.)

The statute regulating procedure before justices of the peace requires the defendant to file an affidavit "that he has a just and valid defense to the whole or some part of the plaintiff's claim." (Justices' Civ. Code, § 114, subdiv. 3.) While the procedure in city courts is generally the same as before justices, it will be seen that the legislature has seen fit to require defendants in city courts, in making such applications, to set out in a general way the facts of their alleged defense. This important change was probably made in order that the court might judicially consider whether the facts so stated are sufficient. This plain statutory requirement is treated in the brief as a technicality that should be disregarded. Whatever should be included under that familiar term, this wholesome provision of the statute, which, if wisely observed, will prevent vexatious delays, should not be so considered. "Thus it is written," and in this instance, at least, it is written well.

The motion of the defendants in the district court for leave to amend their affidavit filed in the city

court failed to incorporate the proposed amendment or to state in what respect they desired to amend.

As the appeal was from the order refusing to set aside the judgment, and not from the judgment, it was taken in time. However, the defendants again appeared in the city court and filed another notice of appeal from the same order, including specifications of error, with proof of service, and caused another transcript to be filed in the district court. In their next motion in that court for leave to file affidavits to prove that an application had been made to the city court for leave to amend their original affidavit, they still failed to state in what respect they proposed to amend it. It does not appear that they made that known to either court at any stage of the proceedings.

The city court rightfully refused to set aside the judgment upon the affidavit as made and filed. If the defendants in proper time had asked leave to amend the affidavit by supplying the additional statement required by the statute, the leave should have been granted, but it nowhere appears that they ever offered to do so. Amendments are allowed in furtherance of justice. Courts can not determine whether they will be in furtherance of justice unless the nature of the proposed amendment is made known. Not only do the abstracts fail to show such disclosure, but the uncontradicted affidavit filed in the district court by the plaintiffs shows that they refused to give that information.

The plaintiffs gave notice of a cross-appeal from the order refusing to dismiss what they term the last appeal. Holding as we do, that there was in legal effect but one appeal, although two transcripts were filed, there was no error in the order.

Without approving all the proceedings, it is sufficient to say that the result finally reached is approved, and the judgment is affirmed.