No. 19,086.

JOSEPH G. NORMAN, *Appellee*, v. L. H. TOLIVER et al. (THE HOME SAVINGS BANK, *Appellant*).

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

APPEAL—*From Judgment of Justice of the Peace—Bond Required.* Under the present code the only method of appealing from the judgment of a justice of the peace is by the giving of a bond as provided in the justice's act.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion on rehearing filed March 6, 1915. Reversed. (Original opinion of affirmance not reported.)

*R. H. Seeds,* and *S. S. Smith,* both of Abilene, for the appellant.

*C. S. Crawford,* and *G. W. Hurd,* both of Abilene, for the appellee.

The opinion of the court was delivered by

MASON, J.: Joseph G. Norman brought replevin against L. H. Toliver before a justice of the peace. The sheriff took possession of the property under a writ, and delivered it to the plaintiff, who upon the return day dismissed the action. The justice then continued the case until the next day. The plaintiff seems to have made no further appearance. At the time set an order

was made purporting to substitute the Home Savings Bank as defendant, upon a showing that Toliver was interested only as its agent. The case was afterwards tried in the absence of the plaintiff and a judgment was rendered against him. He undertook to appeal to the district court by giving a notice of appeal such as is employed where a review of a judgment of the district court is sought. The decision of the justice of the peace was reversed, and the bank appeals from that ruling.

The bank contends that the attempted appeal from the judgment of the justice of the peace was a nullity—that under the present code the only way in which an appeal can be taken from a judgment rendered by a justice of the peace is by the giving of a bond as provided in section 121 of the justice's civil code. Upon the original hearing of this case a decision was made against this contention, but in view of the doubts entertained on the point a rehearing was ordered, upon which the question is now submitted.

Prior to the adoption of the present code a party against whom a judgment was rendered by a justice of the peace had two methods by which he could invoke the jurisdiction of the district court. Under the provisions of the justice's code he could take what was styled an "appeal," by giving a bond in double the amount of the judgment. This proceeding had nothing to do with any question of the correctness of the justice's rulings or decision. By giving the bond the appellant as a matter of right procured the immediate vacation of the judgment against him, notwithstanding it may have been rendered in exact accordance with law. Or by virtue of provisions of the civil code, which are now repealed, he could file in the district court a petition in error, and have an examination into the correctness of the decision, the judgment being vacated or modified only if error was found to have been committed in its rendition. The following are the pro-

visions of the new code by which the present practice must be determined:

"A judgment rendered or final order made by a probate court, a justice of the peace or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." (Civ. Code, § 564.)

"All reviews of the judgments and orders of inferior courts shall be by appeal. Petitions in error are abolished." (Civ. Code, § 567.)

"Appeals from judgments of justices of the peace shall be taken in the manner provided in the act regulating the jurisdiction and procedure before justices of the peace in civil cases." (Civ. Code, § 568.)

"Appeals to courts other than the supreme court shall be taken and proceedings therein had in the same manner as is herein provided for appeals to the supreme court, except where special provision with reference to such appeals is made by statute." (Civ. Code, § 571.)

There is some difficulty in reconciling these provisions. The new code ordinarily uses the word "appeal" to describe a process by which a superior tribunal reviews the proceedings of an inferior one, to determine whether error has been committed. In the justice's code the same word is applied to a method by which a litigant can by giving a bond procure the immediate vacation of a judgment against him, however rightful its rendition may have been. The first section above quoted seems to contemplate an appeal from a justice's judgment in the former sense—implying a review of the proceedings and an investigation of their correctness. It declares that such a judgment may be "reversed, vacated or modified by the district court," the apparent meaning being that the judgment shall be reversed or modified if found to be erroneous. The "appeal" provided in the justice's code does not afford an opportunity for the reversal or modification of the judgment. The giving of the bond at once and of itself vacates the judgment absolutely, leaving the case to be tried

as though it had originally been brought in the district court, which has nothing to do with the justice's judgment.

On the other hand, the language of section 568, that "appeals from judgments of justices of the peace shall be taken in the manner provided" in the justice's code, strongly suggests that only one method of appeal from the justice's judgment is contemplated. In that view the portion of section 571 which extends to other courts the procedure for appeals to the supreme court does not apply to judgments rendered in justice court, since that case is one for which special provision is made. This interpretation is strengthened by the fact that no method is provided by which to preserve for review the questions passed upon by a justice of the peace. The procedure of the district court can not be made to apply, for want of a stenographer, and the sections of the justice's code relating to bills of exceptions have been repealed by implication. (*Kroenert v. Sawyer*, 87 Kan. 374, 124 Pac. 418.) Upon full consideration the court is of the opinion that the sections quoted must be construed not only as eliminating the petition in error of the earlier practice, but also as doing away entirely with the right to have the rulings of a justice of the peace on questions of law reviewed in the district court. The remedy by giving an appeal bond is not a complete substitute for that formerly provided by the petition in error, because it is available only to a litigant who is able to give security in double the amount of the judgment against him, which in at least one city court may be as high as $1000. Moreover, the giving of a bond would in some cases amount to a waiver of the error complained of; for instance, the validity of an attachment of property claimed to be exempt would be rendered immaterial by an undertaking to pay the judgment. It seems impracticable, however, to interpret the statute as affording the relief formerly given by proceedings in error, and if substantial injustice re-

sults for want of it the remedy must be sought in additional legislation.

The judgment is reversed with directions to dismiss the appeal.