No. 19,234.

C. T. ATKINSON, *Appellant,* v. HENRY KUCHLER, *Appellee.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

PROCEEDINGS IN ERROR—*From Justice of Peace—Properly Taken before Amended Code Took Effect.* Proceedings in error to review the ruling of a justice of the peace on a question of law are held to have been pending within the provisions of the saving clause of the amended code (§ 754) from the time the exceptions were taken and noted on the docket, which was three days before the amended code abolishing petitions in error took effect.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion on rehearing filed October 9, 1915. Affirmed. (For former opinion of reversal see 94 Kan. 438, 146 Pac. 1038.)

*Arthur M. Jackson,* of Winfield, and *C. T. Atkinson,* of Arkansas City, for the appellant.

*Ed. J. Fleming,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On the former hearing no brief was filed by appellee, and the judgment was reversed (*Atkinson v. Kuchler,* 94 Kan. 438, 146 Pac. 1038) on the theory that appellant's contention was correct and that the case is controlled by the decision in *Kroenert v. Sawyer,* 87 Kan. 374, 124 Pac. 418, wherein it was held that the only way to obtain a review of a judgment or final order of a justice of the peace is by appeal, since the amended code has abolished petitions in error. In a petition for rehearing attention was called to the fact that three days before the amended code took effect proceedings in error were pending by which appellee sought to have a review of the judgment of the justice of the peace. The appellee was defendant in the justice court, and on the 26th day of May, 1909, when the case came on for trial, appeared specially with a motion to quash the summons. The evidence in support of his motion was undisputed and showed that he was an actual resident of Oklahoma and that the summons

was served upon him in this state while he was in attendance at a trial in a justice court in Cowley county in a suit in which he was a party and a witness. He took his exceptions to the ruling of the court denying his motion and withdrew from the case, and the court on the same day rendered judgment against him. The justice was required by section 188 of the justice's civil code to note on his docket the exceptions to his rulings on questions of law taken by either party. The appellee had ten days under the old code in which to present his bill of exceptions for allowance. He presented it on the 5th day of June, 1909. It was allowed and filed, and on the same day he filed in the district court the transcript and his petition in error. Section 754 of the new code contains a saving clause which provides that "all proceedings in error . . . pending at the time this act takes effect shall be heard and disposed of in the manner heretofore provided," and further provides that "no rights acquired shall be affected by the passage of this act." It must be held that the proceedings in error were pending when the new code took effect. After having his exceptions to the ruling noted, the appellee followed up and completed his proceedings within the time allowed by the old code. As tending to support these views, see *Whitney v. Power Co.*, 81 Kan. 174, 105 Pac. 223.

The former ruling will be set aside and the judgment of the district court is affirmed.