No. 22,558.

T. M. HALLACY, *Appellee*, v. FRANK WHITE, *Appellant*.

SYLLABUS BY THE COURT.

APPEAL—*From Justice of Peace—Time in Which an Appeal Bond Must be Filed—Time Not Extended by Motion for New Trial.* The only method of obtaining a review of the rulings and judgment of a justice of the peace is to file and secure the approval of an appeal bond within ten days after the final judgment is rendered, and the filing and overruling of a motion for a new trial does not operate to extend the time for the taking of an appeal.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed March 6, 1920. Affirmed.

. *Charles Stephens,* and *Paul MacCaskill,* both of Columbus, for the appellant.

*W. H. Millstead,* of Weir, *C. A. McNeill,* and *Leo Armstrong,* both of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The trial court dismissed an appeal taken by the defendant from a judgment of a justice of the peace in favor of the plaintiff, and the defendant asks a review of that order.

Hallacy v. White.

The plaintiff brought an action of replevin and the trial was had on May 24, 1919, which resulted in a judgment that was rendered by the justice of the peace on May 31, 1919. On that day a motion for a new trial was filed, which was overruled on June 13, 1919. The defendant filed an appeal bond on June 18, 1919, in which defendant recited that he appealed from a judgment rendered on May 24, 1919, but this confusion as to the time the judgment was rendered will not be treated as a material factor on this appeal. After the appeal was taken, and on July 15, 1919, the defendant obtained what is called a correction of the transcript of the proceedings before the justice of the peace to the effect that when the case was submitted on May 24, 1919, it was agreed and understood that a certain public record would be examined and the facts disclosed by it would be stipulated and brought to the attention of the justice of the peace, and that this stipulation, together with the briefs of the respective parties, should be filed with him within six days. As we have seen, neither stipulation nor briefs were filed, and hence judgment was rendered on May 31, 1919. In the supplemental transcript it was further recited that after the motion for a new trial was filed, the attention of the justice of the peace was called to a certain provision of the statute, and the justice then stated that in view of this statute he would hold the questions involved in abeyance until the parties had filed briefs and made arguments before him. It may be added, however, that when the briefs were filed and the arguments made, the court overruled the motion for a new trial.

The appeal was dismissed upon the ground that it was not taken within the time prescribed by statute. It is required to be taken within ten days from the rendition of the judgment, and in this case the defendant did not attempt an appeal until eighteen days after the judgment was rendered. The filing and approval of an appeal bond is the foundation and completion of the appeal, and when it is not filed within the statutory time, the appeal is void and no jurisdiction is given to the appellate court. (*Dowell v. Caruthers,* 26 Kan. 720; *McCarthy v. Holden,* 54 Kan. 313, 38 Pac. 261.) The filing of the motion for a new trial and the order refusing it did not operate to extend the period for taking an appeal, and no method is provided for a review of an order overruling a motion for a

new trial. Formerly a review of an exception to rulings of a justice of the peace might be had in a proceeding in error, but that method has been abolished, and at present the only means of reviewing the decisions of a justice of the peace is by an appeal from the final judgment. (*Kroenert v. Sawyer*, 87 Kan. 374, 124 Pac. 418; *Norman v. Tolliver*, 94 Kan. 356, 146 Pac. 1037.) The obtaining of the supplemental transcript showing the steps that were taken after the judgment was rendered, including the action of the justice on the motion for a new trial, in no way aided the defendant or affected the appeal. The judgment was not set aside nor modified, and the only way in which a review of the case could be obtained was by filing an appeal bond within ten days from the time the judgment was rendered. The law contemplates that a new trial shall be promptly presented and considered, and those who may desire to take an appeal should see to it that it is disposed of prior to the expiration of the ten-day period. This is evidenced to some extent by the provision that the justice must act on a motion for a new trial within five days after the rendition of the judgment and that under it the justice has no power thereafter to entertain a motion for a new trial. (Gen. Stat. 1915, § 7811; *Kerner v. Petigo*, 25 Kan. 652; *Bishop v. Foley*, 103 Kan. 190, 173 Pac. 289.)

There was no error committed in the dismissal of the appeal, and the judgment of the district court is affirmed.